# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWAYNE CROMPTON, | CV F   04 5917 AWI SMS P |
| Plaintiff, | |
| v. | ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND (Doc. 16-1.) |
| U.S.A., | |
| Defendants. | |

Dewayne Albert Crompton ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action. Plaintiff seeks relief pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
2 "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
3 dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
4 claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

5       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
6 which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
7 support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,
8 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.
9 Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
10 complaint under this standard, the court must accept as true the allegations of the complaint in
11 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
12 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
13 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

14 **B.  RULE 8(a)**

15       A plaintiff's complaint must satisfy the requirement of Federal Rule of Civil Procedure
16 8(a), which calls for a "short and plain statement of the claim showing that the pleader is entitled
17 to relief."  Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only
18 give the opposing party fair notice of a claim.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
19 Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely
20 upon at trial, but only a statement sufficient to "give the defendant fair notice of what the
21 plaintiff's claim is and the grounds upon which it rests."  Id. at 47.  Rule 8(a) also requires that
22 the plaintiff give notice of the relief which he seeks from the defendants.

23       The Amended Complaint submitted by Plaintiff does not conform to Rule 8(a).
24 Plaintiff's Amended Complaint names thirteen defendants and consists of over (38) parties,
25 consists of over 116 pages.   In addition, only one of the Defendants named is within the
26 jurisdiction of this Court.  Most of the individuals named are located at Lompoc, which is within
27 the Central District of California.  At least two of the individuals are located in an entirely
28 different state.  Moreover, the Amended Complaint does not set apart each claim for relief and

each Defendant so the Court can easily parse out the claims for relief and consists of a huge narrative of various events that have occurred over the course of many years. The Court, having literally hundreds of cases similar to Plaintiff's pending before it at any given time, has not examined the Amended Complaint in any detail as it does not have the resources to expend an exorbitant amount of time attempting to peruse literally hundreds of pages of narrative to determine who did what to whom and when. The Court can determine from the brief "statement of facts" that Plaintiff is alleging a denial of access to courts and inmate appeals. The Court will therefore, provide Plaintiff with the relevant law to aid him when he amends the Complaint to comply with Rule 8(a).

## C. VENUE

The federal venue statute required that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

In this case, only one of the Defendants (Defendant Schultz) can be located within this district. According to the Amended Complaint, some of the Defendants are found in Louisiana and within the Central District of California. Pursuant to federal and Local Rules, when the court finds that an action has not been commenced in the proper court, it may transfer the action to the proper court or dismiss those Defendants and claims from the action where venue is inappropriate. 28 U.S.C. § 1406(a); Local Rule 3-120(d).

In light of the need for Plaintiff to file an Second Amended Complaint, the Court will not recommend dismissal of these Defendants and Plaintiff can simply omit them from the Second Amended Complaint to be submitted.

## D. CLAIMS FOR RELIEF

### 1. Access to Courts

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey,

518 U.S. 343, 346 (1996).  The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions.  Id. at 354.  The State is not required to enable the inmate to discover grievances or to litigate effectively once in court.  Id.

In addition, inmates do not have the right to a law library or legal assistance.  Id. at 351.  Law libraries and legal assistance programs are only the means of ensuring access to the courts.  Id.  Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense."  Id.  Rather, an inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury.  Id.

### 2. Inmate Appeals Process

There is no constitutional right to an inmate appeals process.  The Ninth Circuit has held that Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003), *citing* Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988).  The non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988).  See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993); Flick v. Alba, 932 F.2d 728 (8th Cir.1991); Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment").  A failure to process a grievance does not state a constitutional violation. Buckley, supra.

### 3. USA, Bureau of Prisons and Official Capacity

Bivens will not lie against the Untied States, agencies of the United States, or federal agents in their official capacity.  See, FDIC v. Meyer, 510 U.S. 471, 486 (1994); Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996); Cato v. United States, 70 F.3d 1103, 1110 (9th Cir.

4

1995.) Accordingly, Plaintiff may not maintain a <u>Bivens</u> action against the United States, the Bureau of Prisons or any agent in his/her official capacity.

**D. CONCLUSION**

The Court finds that Plaintiff's Amended Complaint violates Rule 8(a) and thus, does not state any claims for relief. The Court will provide Plaintiff with the opportunity to file a Second Amended Complaint in compliance with Rule 8(a) should he desire to do so.

Plaintiff must demonstrate in the Second Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights. <u>See</u>, <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). The Second Amended Complaint must specifically state how each Defendant is involved. Further, there can be no liability unless there is some affirmative link or connection between a Defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423, U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to any prior pleading. As a general rule, an Amended Complaint supersedes the original complaint. <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. The Amended Complaint should be clearly and boldly titled "SECOND AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

**E. ORDER**

The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form. Plaintiff should complete the form to the best of his ability to assist in providing all the necessary and relevant information to the Court;

2. The Amended Complaint is DISMISSED with leave to amend. WITHIN THIRTY (30) days from the date of service of this order, Plaintiff SHALL:

1       a.    File a Second Amended Complaint curing the deficiencies identified by the Court in this Order, or

3       b.    Notify the Court in writing that he does not wish to file a Second Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case.

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110, for failure to state a claim on which relief can be granted and failure to comply with Rule 8(a).

IT IS SO ORDERED.

**Dated:**   **May 23, 2006**                     **/s/ Sandra M. Snyder**
b6edp0                                     UNITED STATES MAGISTRATE JUDGE