# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWAYNE ALBERT CROMPTON,<br><br>        Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:04-cv-05917-AWI-SMS PC<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, WITH LEAVE TO FILE A THIRD AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 27)<br><br>ORDER RELIEVING UNITED STATES OF ANY OBLIGATION TO RESPOND TO THE THIRD AMENDED COMPLAINT UNTIL DIRECTED TO DO SO BY THE COURT |

I.   Screening Order

   A.   Procedural History

Plaintiff Dewayne Albert Crompton ("plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action. Plaintiff initiated an action on June 10, 2004, along with co-plaintiff Gust Marion Janis. The court issued an order severing the co-plaintiffs' claims, directing the Clerk's Office to open this action for plaintiff Crompton, and ordering plaintiff Crompton to file an amended complaint. Plaintiff filed an amended complaint on March 21, 2005. On May 24, 2006,

///
///
///
///

the court dismissed the amended complaint, with leave to amend, for failure to comply with Federal Rule of Civil Procedure 8(a). Plaintiff filed a second amended complaint on September 26, 2006.[1]

B.    <u>Screening Requirement</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. <u>Id</u>. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" <u>Jackson v. Carey</u>, 353 F.3d 750, 755 (9th Cir. 2003) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)); <u>see</u> <u>also</u> <u>Austin v. Terhune</u>, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting <u>Fontana v. Haskin</u>, 262 F.3d 871, 977 (9th Cir.

---

[1] For reasons unclear to the court, the United States filed a motion to dismiss or for summary judgment. The court has neither screened the second amended complaint and found it to state any cognizable claims nor ordered the United States Marshal to initiate service of process on any defendants named in the complaint. For the reasons set forth herein, the court finds that plaintiff's second amended complaint does not state any claims upon which relief may be granted. The issue of the United States' pending motion shall be addressed in a findings and recommendations issued concurrently with this order.

2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

  C. Plaintiff's Claims

    1. Bivens Claims

      a. Official Capacity Suits

Federal officers may be held liable for damages for the violation of an inmate's constitutional rights. Correctional Services Corp. v. Malesko, 534 U.S. 61, 66, 122 S.Ct. 515, 519 (2001) (citing Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971)). Bivens claims are only available against defendants in their individual capacities. Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996). Plaintiff's allegation that he is suing defendants Schultz, Gregg, Flores, Brown, Milligan, and Orozco in their official capacities is fatal to his Bivens claims. (Doc. 27, 2nd Amend. Comp., pg. 3, ¶4.) Because plaintiff's Bivens claims also fail on other grounds, set forth below, and plaintiff will be provided with one final opportunity to amend, plaintiff may amend to cure this deficiency as well. If plaintiff fails to do so, his Bivens claims will be dismissed, with prejudice.

      b. Denial of Access to the Courts and Interference with Administrative Remedy Process

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions, and the government is not required to enable the inmate to discover grievances or to litigate effectively once in court. Id. at 354.

Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002). For backward-looking claims such as that at

issue here, plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007).

The first element requires that plaintiff show he suffered an "actual injury" by being shut out of court. Harbury 536 U.S. at 415, 121 S.Ct. at 2187; Lewis, 518 U.S. at 351, 116 S.Ct. at 2180; Phillips, 477 F.3d at 1076. The second element requires that plaintiff show defendant proximately caused the alleged violation of plaintiff's rights, "[t]he touchstone . . . [for which] is foreseeability." Phillips, 477 at 1077. Finally, the third element requires that plaintiff show he has no other remedy than the relief available via *this* suit for denial of access to the courts. Id. at 1078-79.

Inmates do not have the right to a law library or legal assistance. Lewis, 518 U.S. at 351. Law libraries and legal assistance programs are only the means of ensuring access to the courts. Id. Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id. Rather, an inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury. Id.

Although plaintiff alleges that he had pending court cases and that he was denied access to the courts, plaintiff's second amended complaint is devoid of any facts supporting a claim that one or more of the named defendants caused him to suffer an actual injury with respect to his court cases. Further, plaintiff details various acts of alleged interference with the administrative remedy process. However, as plaintiff has been previously informed, the existence of an administrative remedy process does not create any substantive rights and cannot support a claim for relief for violation of a constitutional right. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.2d 641, 647 (7th Cir. 2001). To the extent that plaintiff's failure to exhaust, allegedly caused by prison officials, might lead to the dismissal of a pending suit and give rise to a claim for relief for denial of access to the courts, such a claim would accrue only when and if plaintiff suffered an actual injury with respect to pending litigation as a

///

result of his inability to access the administrative remedy process. No such situation has been alleged in the second amended complaint.

      c.  <u>Retaliation</u>

Plaintiff alleges that defendant Matthew Brown made an announcement in the law library that an inmate had been removed from the airplane bound for USP-Pollock and plaintiff had taken the inmate's place as a result of plaintiff serving several prison employees with process on behalf of another inmate. Plaintiff's allegations suggest the possibility of a claim for retaliation.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a claim for violation of the Constitution. <u>Rizzo v. Dawson</u>, 778 F.2d 527, 532 (9th Cir. 1985); <u>see</u> <u>also</u> <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135 (9th Cir. 1989); <u>Pratt v. Rowland</u>, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005).

In this instance, plaintiff may not pursue a claim for relief based on defendant Brown's announcement, as plaintiff does not have standing to pursue a claim on behalf of other inmates whose rights may arguably have been chilled by the alleged threat. With respect to the prison transfer, plaintiff alleges no facts supporting a claim that the transfer was adverse.

    3.  <u>Federal Tort Claims Act</u>

Provided that a claimant has met the jurisdictional prerequisite of filing a timely administrative claim,[2] the Federal Tort Claims Act (FTCA) provides that:

> [T]he district courts . . . shall have exclusive jurisdiction of civil

---

[2] In addition, a suit may not be instituted against the United States under the FTCA unless the claim is first presented to the appropriate federal agency and one of the following conditions is met: the claim is finally denied, or six months have passed without a final resolution having been made. 28 U.S.C. § 2675(a). The claim presentation requirement is a jurisdictional prerequisite to bringing suit and must be affirmatively alleged in the complaint. <u>Gillispie v. Civiletti</u>, 629 F.2d 637, 640 (9th Cir. 1980).

5

> actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). "The United States is the only proper defendant in an FTCA action." Lance v. United States, 70 F.3d 1093, 1095 (9th Cir. 1995) (citing Woods v. United States, 720 F.2d 1451, 1452 n.1 (9th Cir. 1983)). In this instance, plaintiff has not named the United States or the Bureau of Prisons as a party to this action. (2nd Amend. Comp., pg. 3.)

Further, although plaintiff alleges in conclusory language that the "Bureau of Prisons wrongfully and negligently trained, supervised and controlled their employees," plaintiff's claims in this action arise from the alleged denial of access to the court and possibly retaliation. Id., ¶6. The United States is not liable under the FTCA for constitutional tort claims. FDIC v. Meyer, 510 U.S. 471, 478 (1994); Cato v. United States, 70 F.3d 1103, 1111 (9th Cir. 1995). The FTCA authorizes tort actions against the United States if the United States, *as a private person*, would be liable to the plaintiff under California tort law. United States v. Olson, 546 U.S. 43, 126 S.Ct. 510, 511 (2005); Delta Savings Bank v. United States, 265 F.3d 1017, 1025 (9th Cir. 2001). Any duty owed to the plaintiff by the United States "must be found in California state tort law." Delta Saving Banks, 265 F.3d at 1025.

The court will provide plaintiff one final opportunity to amend to name the proper party as a defendant, and to clarify the basis for his FTCA claim.

D.   Conclusion

The court finds that plaintiff's second amended complaint does not state a claim upon which relief may be granted under Bivens or the FTCA. The court will provide plaintiff with one final opportunity to file a third amended complaint curing the deficiencies identified by the court in this order. The United States is relieved of any obligation to respond to the third amended complaint until the court has screened the third amended complaint and directed the United States to respond.

Plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint

supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

     Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed, with leave to amend, for failure to state a claim upon which relief may be granted under Bivens or the FTCA;

2. The Clerk's Office shall send plaintiff a Bivens civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file a third amended complaint;

4. The United States is relieved of any obligation to respond to the third amended complaint until the court has screened the third amended complaint and directed the United States to respond; and

5. If plaintiff fails to file a third amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:   July 24, 2007**                             /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE