# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWAYNE ALBERT CROMPTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:04-cv-05917-AWI-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM AND FAILURE TO OBEY A COURT ORDER<br><br>(Doc. 41)<br><br>OBJECTION DUE WITHIN TWENTY DAYS |

　　　Plaintiff Dewayne Albert Crompton ("plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action. On July 25, 2007, the court dismissed plaintiff's second amended complaint for failure to state a claim upon which relief may be granted and ordered plaintiff to file a third amended complaint within thirty days from the date of service of the order. More than thirty days have passed and plaintiff has not filed a third amended complaint or otherwise responded to the court's order.

　　　Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v.

1  Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.
2  Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
3  requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)
4  (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of
5  address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to
6  comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for
7  failure to lack of prosecution and failure to comply with local rules).

8       In determining whether to dismiss an action for lack of prosecution, failure to obey a court
9  order, or failure to comply with local rules, the court must consider several factors: (1) the public's
10 interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk
11 of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and
12 (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at
13 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

14      In the instant case, the court finds that the public's interest in expeditiously resolving this
15 litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has
16 been pending since June 10, 2004.  The third factor, risk of prejudice to defendants, also weighs in
17 favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay
18 in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth
19 factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the
20 factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure
21 to obey the court's order will result in dismissal satisfies the "consideration of alternatives"
22 requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d
23 at 1424.  The court's order requiring plaintiff to file a third amended complaint expressly stated: "If
24 plaintiff fails to file a third amended complaint in compliance with this order, the court will
25 recommend that this action be dismissed, with prejudice, for failure to state a claim upon which
26 relief may be granted."  Thus, plaintiff had adequate warning that dismissal would result from his
27 noncompliance with the court's order.
28 ///

1   Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice,
2 for failure to state a claim upon which relief may be granted and for failure to obey a court order.
3   These Findings and Recommendations are submitted to the United States District Judge
4 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20)**
5 **days** after being served with these Findings and Recommendations, plaintiff may file written
6 objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's
7 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
8 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
9 1153 (9th Cir. 1991).

11 IT IS SO ORDERED.
12 **Dated:    September 10, 2007**            /s/ Sandra M. Snyder
                                              UNITED STATES MAGISTRATE JUDGE